COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Rodrigo Gonzalez Jr. v. Brent Marshall Wasserstein

Appellate case number:   01-20-00826-CV

Trial court case number: 2017-58300

Trial court:             295th District Court of Harris County

On December 29, 2020, this Court issued an order directing appellant to file the statement of inability in the trial court. Because appellant is an inmate, the Court also ordered appellant to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code by January 29, 2021. Chapter 14 requires an inmate who files a statement of inability to afford costs to file an additional affidavit identifying each prior lawsuit, other than an action under the Family Code, filed by the inmate without legal representation. *See* TEX. CIV. PRAC. & REM. CODE § 14.004(a). The inmate must also include a certified copy of the inmate's trust account statement reflecting the balance of the account at the time the appeal was filed and all account activity of the preceding six months. *See id.* §§ 14.004(c), 14.006(f).

On January 13, 2021, appellant filed a sworn document stating that the only previous case was the case currently on appeal and thus, appellant's filing indicates that there are no previous lawsuits. This document also contains a certified copy of appellant's trust account showing all transactions from July 2020 to January 2021. Appellant has complied with the requirements of Chapter 14.

The clerk's record was filed on January 28, 2021. This contains a statement of inability and claim of material change in financial condition filed in the trial court on January 8, 2021. The statement of inability and claim of material change appear to comply with the requirements of Rule 145. The clerk's record contains no order by the trial court overruling appellant's claim of inability to afford payment for the costs of the appellate record. Accordingly, we determine that appellant **has established his inability to afford payment of costs for the appellate record and filing fees**. *See* TEX. R. CIV. P. 145; TEX. R. APP. P. 20.1.

Appellant filed motions to access to a copy of the appellate record. Because appellant's brief contains citations to the record, appellant received access to the record. Accordingly, the pending motions for access to the record are **dismissed as moot**.

It is so ORDERED.

Judge's signature: _____/s/ Richard Hightower_____
                ☑ Acting individually    ☐ Acting for the Court

Date: ___July 13, 2021_____